SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:      smartin@sonnenschein.com

Attorneys for Defendant
WILLIAMS LEA INC.

**JSW**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/ OAKLAND DIVISION

| | |
|---|---|
| JUDE DELGADO, an Individual | C 07 3526 |
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION |
| vs. | |
| WILLIAMS LEA, INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441(a), defendant

Williams Lea Inc. hereby removes to this Court the action described herein and respectfully

submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

1.    On May 20, 2007, an action was commenced in the Superior Court of the State of

California for the County of San Francisco, entitled "*Jude Delgado v. Williams Lea, Inc, a*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1     *Corporation; Charlotte Dolly, an individual; and does 1 through 100, inclusive,*" Case No. CGC

2     07-4637695 (the "Superior Court Action").

3         2.    In the Superior Court Action, plaintiff Jude Delgado seeks damages for alleged

4     disability discrimination.  Specifically, plaintiff alleges that he and a coworker (Sandra Chew)

5     arrived late to work on Match 27, 2007. (Complaint ("Compl."), ¶ 7.)  Although they were

6     scheduled to begin work at 6:00 a.m., they did not arrive until 6:18 a.m. and did not begin work

7     until 6:22 a.m. (*Id.*)  Later that day, Ms. Chew made entries on Williams Lea's time records

8     reflecting (falsely) that she and plaintiff had started work at 6:00 a.m. (*Id.* at ¶ 10.)

9         3.    The Complaint alleges that Williams Lea terminated plaintiff's employment for

10    "Time Card Falsification." (Compl., ¶ 14.)  The Complaint further alleges that Williams Lea's

11    stated reason for termination was false and pretextual and that it actually terminated plaintiff's

12    employment because he had suffered a workplace injury on September 1, 2005 and took an

13    unscheduled absence on March 20, 2007. (*Id.* ¶¶ 15, 16, 24.)

14        4.    Plaintiff also alleges that his manager, Charlotte Dolly, "expressly" and

15    "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies,"

16    "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false

17    complaints," and being "dishonest, lazy, incompetent, and a poor performer." (Compl., ¶ 44.)

18        5.    On the basis of these allegations, plaintiff sues Williams Lea for violation of the

19    California Family Rights Act, disability discrimination, failure to accommodate, libel, and

20    failure to compensate for hours worked under California Industrial Welfare Commission Orders

21    and California Labor Code section 1182.11.  Plaintiff seeks general, special and punitive

22    damages, as well as attorneys fees. (Compl., at Prayer.)

23                                <u>SERVICE</u>

24        6.    Williams Lea is informed and believes that the Summons and Complaint in the

25    Superior Court Action were served on Williams Lea on or about June 8, 2007.  Williams Lea is

26    informed and believes that Charlotte Dolly has not been properly served.  Attached hereto as

27    Exhibit A are true and correct copies of the Complaint, the Answer and all other pleadings

28    which Williams Lea believes are on file in the Superior Court Action.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

-2-

CASE NO.                                           NOTICE OF REMOVAL

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

<u>JURISDICTION</u>

7.    Williams Lea is informed and believes that plaintiff was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.  Williams Lea was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation formed under the laws of the State of Delaware, with its principal place of business in Illinois.

8.    Plaintiff and Williams Lea, accordingly, are citizens and residents of different states.

<u>THE FRAUDULENT JOINDER OF A CALIFORNIA RESIDENT</u>

9.    In addition to asserting causes of action against Williams Lea, plaintiff purports to assert a claim for relief against an individual defendant, Charlotte Dolly, who is a Williams Lea employee.  As set forth below, plaintiff's joinder of Ms. Dolly is fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim against a resident defendant.  In such a circumstance, a federal court will disregard the sham joinder of such an individual for purposes of determining whether diversity jurisdiction exists.

10.    In particular, plaintiffs' Complaint contains a single claim for slander against Ms. Dolly, the putative resident defendant.  Plaintiff premises that claim on allegations that Ms. Dolly "expressly" and "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies," "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false complaints" and being "dishonest, lazy, incompetent, and a poor performer." (Compl., ¶ 44.)  Plaintiff cannot recover on this claim, for several reasons.

11.    First, any statements made by Ms. Dolly about plaintiff were made in the personnel management context without malice and for the purpose of making informed personnel decisions.  As a result, Ms. Dolly's alleged statements were privileged and cannot support slander liability as a matter of law.  *See* Cal. Civil Code § 47(c); *Kelly v. General Telephone Co.,* 136 Cal. App. 3d 278, 285 (1982) (statements made in personnel context are privileged under section 47).

-3-

CASE NO.                                                                                    NOTICE OF REMOVAL

12.    In addition, plaintiff has failed to adequately allege a claim for slander. *See Okun v. Superior Court,* 29 Cal. 3d 442 (1981).  In particular, plaintiff has failed to allege specific facts demonstrating that Ms. Dolly acted with malice. *See Martin v. Kearney,* 51 Cal. App. 3d 309 (1975).

13.    Further, any statements made by Ms. Dolly about plaintiff were matters of opinion, which cannot support slander liability as a matter of law. *See Conkle,* 73 F.3d at 917 (statements that plaintiff was "difficult as an employee" and "more trouble than she [was] worth" were nonactionable statements of opinion); *Jensen v. Hewlett-Packard, Inc.,* 14 Cal. App. 4th 958, 965 (1993) (an "employer's perceptions about an employee's efforts, attitude, performance, potential or worth to enterprise" cannot support slander liability even if they are "objectively wrong and cannot be supported by reference to concrete, provable facts").

14.    Finally, plaintiff admits he was late for work and that his co-worker falsified his time card.  (Compl., ¶¶ 7, 10.)  Williams Lea contends Ms. Chew did so on behalf of Mr. Delgado.  To the extent the statements attributed to Ms. Dolly were true, they cannot support slander liability as a matter of law. *See Conkle v. Jeong,* 73 F.3d 909, 917 (9th Cir. 1995) ("Truth is a complete defense to slander, regardless of the bad faith or malicious purpose of the publisher of the material.") (citation and quotation marks omitted).

15.    Plaintiff's claim against Ms. Dolly, therefore, is meritless.  Accordingly, Ms. Dolly was "fraudulently joined for diversity and removal purposes," and her presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1320 (9th Cir. 1998).  Therefore, this matter involves parties of diverse citizenship and residency.

<u>AMOUNT IN CONTROVERSY</u>

16.    On its face, the Complaint seeks in excess of $150,000 in compensatory damages.  (Compl., ¶ 25.)  Plaintiff also seeks attorneys fees and punitive damages, which are included in determining the amount in controversy. *Bell v. Preferred Life Society*, 320 U.S. 238, 239 (1943), *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).  Accordingly, Williams Lea is informed and believes that plaintiff seeks to recover damages in excess of seventy-five thousand dollars ($75,000).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

CASE NO.                                                                    NOTICE OF REMOVAL

17.   The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiff and Williams Lea are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.   The case is therefore one which Williams Lea may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected within thirty days of service, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Williams Lea hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted herein.

Dated: July 6, 2007                SONNENSCHEIN NATH & ROSENTHAL LLP



By _____

SONIA MARTIN

Attorneys for Defendant WILLIAMS LEA INC.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WILLIAMS LEA INC, a Corporation; Charlotte Dolly, an individual;
and, DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JUDE DELGADO, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT-SF<br>400 MCCALLISTER AV.<br>SF CA 94102 | CASE NUMBER: 07- 463768<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF MICHAEL HOFFMAN
    MICHAEL HOFFMAN 154481 22 Battery Street Ste. 1000 San Francisco CA 94111 415 362-1111

| | | |
|---|---|---|
| DATE: MAY 2 9 2007<br>*(Fecha)* | GORDON PARK-LI Clerk, by CRISTINA E. DATTANA<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* WILLIAMS LEA INC a Corporation<br>under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
Amevican LegalNet, Inc.  www.USCourtForms.com

1   LAW OFFICES OF MICHAEL HOFFMAN
    MICHAEL HOFFMAN 154481
2   22 Battery Street Ste. 1000
    San Francisco CA 94111
3   Tel  (415) 362-1111
    Fax  (415) 362-1112
4   e-mail: mhoffman@employment-lawyers.com

5   Attorney for Plaintiff,
    JUDE DELGADO

6

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
                             COUNTY OF SAN FRANCISCO
8                                    UNLIMITED

9                                        CASE NO. 07-467761

10  JUDE DELGADO, an individual           COMPLAINT FOR DAMAGES

11                    Plaintiff,
                                          1. CALIFORNIA FAMILY RIGHTS ACT
12  vs.                                      FAILURE TO GUARANTEE
                                             EMPLOYMENT
13  WILLIAMS LEA INC, a Corporation;      2. DISABILITY DISCRIMINATION
    Charlotte Dolly, an individual; and, DOES 1    FAILURE TO ENGAGE
14  through 100, inclusive,               3. LIBEL (CC 46 (3)
                                          4. FAILURE TO COMPENSATE FOR
15                                           HOURS WORKED UNDER
                                             CALIFORNIA LABOR CODE
16                    Defendant

17

18

19

20

21

22                            JURY TRIAL DEMANDED

23  Comes now Plaintiff JUDE DELGADO who demands a jury trial and alleges as follows:

24

25

26

27

28

    Complaint For Damages                      1

1.    At all times material herein, Plaintiff, JUDE DELGADO (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of San Francisco. At all times material herein, Defendant WILLIAMS LEA INC (hereinafter referred to as "Williams") was and is a foreign corporation registered to do business in the state of California.  all times material herein, Defendant CHARLOTTE DOLLY (hereinafter referred to as "Dolly") was and is a resident of the State of California.

2.    The true names and capacities of the Defendants named herein as Does 1 though 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff is informed and believes that Doe Defendants are California residents.  Plaintiff will amend this complaint to show such Defendants true names and capacities when they have been determined.

3.    Plaintiff is informed and believes, and, on the basis of that belief, thereby alleges, that each of the Defendants herein was at all times relevant hereto the agent, employee or representative of the remaining Defendants and was acting at least in part within the course and scope of such relationship.

4.    Plaintiff is informed and believes and thereon allege that unless otherwise indicated, each defendant was the agent and/or employee of every other defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendants.

5.    Heller Ehrman LLP ("Heller") outsourced their San Francisco Document Production Department ("DOCS Center") to Williams' to manage the DOCS Center for Heller on January 23, 2006. He was a former Heller employee, having worked for the firm for 16 years.  Plaintiff's job Title with Defendant

was Document Specialist. His Manager for the DOCS Center department was defendant Charlotte Dolly.

6. At approximately 5:40 a.m or 5:45 a.m., on the morning of Tuesday, March 27, 2007, Jude Delgado contacted the Williams Lea DOCS Center and spoke with Shonda Furr, Graveyard Workflow Coordinator, to inform her, the Graveyard shift, and the DOCS Center staff that he and Sandra Chew were running late as a result of heavy traffic. Shonda Furr acknowledged his call and informed him that she would be conveying the information regarding their late arrival to the DOCS Center staff, which includes the DOCS Center Manager and DOCS Center Supervisor, per Williams Lea rules regarding absences and late arrivals.

7. On Tuesday, March 27, 2007, Sandra Chew and Jude Delgado arrived at the DOCS Center approximately 19 minutes late, arriving at 6:19 a.m. This was the first time they had ever arrived late for work. Sandra Chew and Jude Delgado informed the Graveyard crew that they had arrived, and both immediately began to commence work on projects at 6:22 a.m.

8. Williams Lea utilizes a computerized time clock system, ("Kronos") where the employee enters their user name and password to gain access to the program and then "punches"; i.e., records their arrival time by clicking on a time button. After recording their time the, employee logs out of Kronos.

9. Sandra Chew realized that in her haste to commence work on projects, she forgot to "punch"; i.e., record her and Jude Delgado's time in the Kronos Problem Log, ("problem log"), as they were rushing through the door, bypassing the problem log on their way in. The problem log is used by everyone in the DOCS Center and is used when Kronos is down; i.e., not working as a result of technical problems, or when employees arrive early or

1    late for work and forget to "punch", or when employees forget to "punch" out

2    or in from their lunch break.

3    10.    At approximately 8:00 a.m. on the same day, Sandra Chew began to record

4    her and Jude Delgado's time in the problem log, because she was concerned

5    that the DOCS Center Manager and/or Supervisor would be arriving soon

6    and would notice that no entry was made in the problem log regarding their

7    late arrival.

8    11.    Because Sandra Chew and Jude Delgado have identical work schedules,

9    Sandra Chew started, but did not complete, the entry in the problem log for

10    both of them, as she had done in the past. Plaintiff used the term "punch"

11    because it was the terminology; i.e., the common term used when referring to

12    the recordation of time for payroll purposes. She indicated a time-in of 6 AM

13    because this was their scheduled time in.

14    12.    There was no intent or effort made by them to conceal the fact that they were

15    late-they had already phoned in in advance, per Williams Lea rules, prior to

16    their 6:00 a.m. official start time, and the DOCS Center staff, which included

17    the DOCS Center Manager and the DOCS Center Supervisor, were all

18    already informed that they were running late.

19    13.    When a question arose regarding an entry made in the problem log, it was

20    incumbent upon the DOCS Center Manager and/or the DOCS Center

21    Supervisor to contact the employee who made the entry to obtain

22    clarification on the ambiguity of what was written in the problem log, prior

23    to making any corrections in Kronos. Upon receiving the clarification, the

24    DOCS Center Manager or DOCS Center Supervisor processes the

25    corrections in Kronos. Neither the DOCS Center Manager nor the DOCS

26    Center Supervisor contacted Sandra Chew or Jude Delgado to clarify or

27

28

1   explain the entry made in the problem log.

2   14.   From Wednesday, March 28 to Wednesday, April 4, their termination date

3   for "Time Card Falsification", the DOCS Center Manager nor the DOCS

4   Center Supervisor had not contacted Sandra Chew or Jude Delgado to clarify

5   the entry made in the problem log. Both Sandra Chew and Jude Delgado

6   were available to provide any clarification or answer any questions the

7   DOCS Center Manager and/or the DOCS Center Supervisor may have had

8   regarding the problem log entry, as was done in the past for everyone.

9   15.   Plaintiff was injured at work on September 1, 2005. He filed a Workers

10   Compensation claim. Radiographic diagnosis showed disc desiccation with

11   protrusions to his neck and shoulder area. Plaintiff's supervisors were well

12   aware of his disabilities and on notice that he suffered from a serious health

13   condition under the California Family Rights Act, California Government

    Code § 12945, et seq.

14   16.   On March 20, 2007, Plaintiff was given a PIP for 'unscheduled PTO-Illness".

15   The PIP listed specific sick occurrences which were the subject of the

16   discipline. The PIP also stated that Plaintiff had been disciplined on

17   September 11, 2006 for previous sick occurrences. All sick occurrences were

18   protected under the California Family Rights Act, California Government

19   Code § 12945, et seq.

20   17.   Plaintiff is informed and believes, and on that basis alleges, that at all times

21   material herein Defendant was and continues to be a company that employs

22   more than fifty (50) employees at Plaintiff's place of employment .

23   18.   At all times material hereto, Plaintiff was an employee covered by the

24   California Family Rights Act, California Government Code § 12945.2(a).

25   19.   At all times material hereto, Defendant Williams was an employer covered

26

27

28

Complaint For Damages                    5

1   by the California Family Rights Act, California Government Code

2   §12945.2(b).

3   20.   Plaintiff has filed a charge with the State of California, Department of Fair

4   Employment and Housing.

5   21.   The Department of Fair Employment and Housing will close Plaintiff's case

6   in order to allow Plaintiff to pursue civil remedies and issued Plaintiff a right

7   to sue letter.

8   <u>FIRST CAUSE OF ACTION</u>
**(VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT**
9   **INTERFERENCE WITH CFRA EXERCISE, FAILURE TO GUARANTEE**
**EMPLOYMENT)**
10   **(Against Defendant Williams)**
11   **(Under California Government Code § 12945.2)**

12   22.   Plaintiff hereby incorporates paragraphs 1 through 24, inclusive, as though

13   said paragraphs are fully set forth herein.

14   23.   At all times herein mentioned, Government Code Section 12945.2 was in

15   full force and effect, and was binding upon Defendant Williams.  Said

16   section required Defendant Williams, its employees and agents, to not

17   discriminate against or discharge Plaintiff because he had triggered rights

18   protected by the CFRA.

19   24.   Plaintiff is informed and believes and thereon alleges that the acts of

20   Defendant Williams in criticizing his performance because of medical leave

21   issues and in terminating him from his employment for false and pretextual

22   reasons is an unlawful employment practice in violation of the California

23   Family Rights Act (hereinafter "CFRA"), Government Code Section

24   12945.2. The CFRA also provided job protection as Defendant knew

25   plaintiff had a serious health condition.

26

27

28

Complaint For Damages                    6

25.    As a proximate result of Defendant Williams's wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment; from loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied him by Defendant Williams; all in an amount to be proven at the time of trial in excess of $150,000.

26.    As a further proximate result of the wrongful conduct by Defendant Williams and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

27.    In doing the acts herein alleged, Defendant Williams acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

28.    Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

29.    Plaintiff also claims attorneys fees and costs incurred herein (Gov't. Code §12965).

**SECOND CAUSE OF ACTION**
**(DISABILITY DISCRIMINATION**
**FAILURE TO ACCOMMODATE)**
**(Against Defendant Williams)**
**(Government Code Section 12940)**

30.  Plaintiff hereby incorporates paragraphs 13 through 32, inclusive, as though said paragraphs are fully set forth herein. Plaintiff's disability limited a major life activity within the meaning of Government Code Section 12926.1. At all times herein mentioned, Government Code Section 12940 was in full force and effect, and was binding upon Defendant Williams. Said section required Defendant Williams, its employees and agents, to reasonably accommodate Plaintiff's disability and to engage in a timely, good faith and interactive process with Plaintiff to determine reasonable accommodations for his disability other than to discipline him for protected sick occurrences.

31.  Plaintiff is informed and believes and thereon alleges that the acts of Defendant Williams in failing to accommodate his absences from work due to his disability and in failing to seek reasonable accommodation for his disability other than termination from his employment is an unlawful employment practice in violation of Government Code Section 12940. As a proximate result of Defendant Williams's wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment; from loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied him by Defendant Williams; all in an amount to be proven at the time of trial in excess of $150,000.

32.  As a further proximate result of the wrongful conduct by Defendant Williams and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

33.  In doing the acts herein alleged, Defendant Williams acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or

did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

34.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

35.     Plaintiff also claims attorneys fees and costs incurred herein (Gov't. Code §12965).

### THIRD CAUSE OF ACTION
### (DISABILITY/PERCEIVED/ DISCRIMINATION)
#### (Against Defendant Williams)
#### (Government Code Section 12940)

36.     Plaintiff hereby incorporates paragraphs 13 through 52, inclusive, as though said paragraphs are fully set forth herein.

37.     At all times herein mentioned, Government Code Section 12940 was in full force and effect, and was binding upon Defendant Williams. Said section required Defendant Williams, its employees and agents, to refrain from discriminating against any employee because an employee had a disability within the meaning of Government Code Section 12926.1.

38.     Plaintiff is informed and believes and thereon alleges that the acts of Defendant Williams in terminating him from his employment are an unlawful employment practice in violation of Government Code Section 12940.

39.     As a proximate result of Defendant Williams's wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of his employment; from

loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied him by Defendant Williams; all in an amount to be proven at the time of trial in excess of $150,000.

40.     As a further proximate result of the wrongful conduct by Defendant Williams and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to his damage in an amount to be proven at the time of trial.

41.     In doing the acts herein alleged, Defendant Williams acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

42.     Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

43.     Plaintiff also claims attorneys fees and costs incurred herein (Gov't. Code §12965).

## FOURTH CAUSE OF ACTION
### LIBEL
#### (Against Dolly ONLY)
#### (Government Code Section 12940)

44.     Dolly spoke and wrote negatively about Plaintiff honesty. Specifically, Defendant Dolly in writing stated that Plaintiff was 'falsifying time cards'. He is informed and believes Defendants, and each of them, by the

1     herein-described acts, conspired to, and in fact, did negligently, recklessly,

2     and intentionally caused excessive and unsolicited internal and external

3     publications of defamation, of and concerning Plaintiff, to third persons

4     and to the community.   These false and defamatory statements included

5     express and implied: accusations that Plaintiff violated company policies;

6     that he was such a poor performer; that he deserved written warnings and

7     disciplinary actions against him; that he was incompetent; a troublemaker;

8     made false complaints; and was dishonest. These and other similar false

9     statements expressly and impliedly stated that Plaintiff was dishonest, lazy,

10    incompetent, and a poor performer.

11 45.   While the precise dates of these publications are not known to Plaintiff, he

12    is informed and believes the publications may have started in April 2007,

13    for the improper purpose of retaliating against him, and were later

14    published and foreseeably republished to first cause, and then justify,

15    Plaintiff's wrongful and illegal termination. These publications were

16    outrageous, negligent, reckless, intentional, and maliciously published and

17    republished by Defendants, and each of them. Plaintiff is informed and

18    believes that the negligent, reckless, and intentional publications by

19    Defendants, and each of them, were and continue to be, foreseeably

20    published and republished by Defendants, their agents and employees,

21    recipients, in the community.  Plaintiff hereby seeks damages for these

22    publications and all foreseeable republications discovered up to the time of

23    trial.

24 46.   During the above-described time-frame, Defendants, and each of them,

25    conspired to, and in fact, did negligently, recklessly, and intentionally

26    cause excessive and unsolicited publication of defamation, of and

concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants.

47.    The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.  These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; thathe was such a poor performer thathe deserved written warnings and disciplinary actions against him; thathe was incompetent; dishonest; untrustworthy; a troublemaker; and made false complaints.  These and similar statements published by Defendants, and each of them,  expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and a poor employee.

48.    Plaintiff is informed, believes and fears that  these false and defamatory per se  statements will continue to be published by Defendants, and each of  them, and will be  foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations.  Plaintiff also seeks redress in this action for all foreseeable republications, including him own compelled self-publication of these defamatory statements.

49.    The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the

1  community who are known to Defendants, and each of them, but unknown

2  to Plaintiff at this time.

3  50.   None of Defendants' defamatory publications against Plaintiff referenced

4  above are true. The above defamatory statements were understood as

5  assertions of fact, and not as opinion.  Plaintiff is informed and believes

6  this defamation will continue to be negligently, recklessly, and

7  intentionally published and foreseeably republished by Defendants, and

8  each of them, and foreseeably republished by recipients of Defendants'

9  publications, thereby causing additional injury and damages for which

10  Plaintiff seeks redress by this action.

11  51.   Each of these false defamatory per se publications (as set forth above)

12  were negligently, recklessly, and intentionally published in a manner

13  equaling malice and abuse of any alleged conditional privilege (which

14  Plaintiff denies existed), since the publications, and each of them, were

15  made with hatred, ill will, and an intent to vex, harass, annoy, and injure

16  Plaintiff in order to justify the illegal and cruel actions of Defendants, and

17  each of them, to cause further damage to Plaintiff's professional and

18  personal reputation, to cause him to be fired, to justify him firing, and to

19  retaliate against Plaintiff for prior ill will, rivalry, and disputes in

20  retaliation.

21  52.   Each of these publications by Defendants, and each of them, were made

22  with knowledge that no investigation supported the unsubstantiated and

23  obviously false statements.  The Defendants, published these statements

24  knowing them to be false, unsubstantiated by any reasonable investigation

25  and the product of hostile witnesses. These acts of publication were known

26  by Defendants, and each of them, to be negligent to such a degree as to be

reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

53.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

54.     As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

55.     Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful

1   intention of injuring Plaintiff, for an improper and evil motive amounting

2   to malice (as described above), and which abused and/or prevented the

3   existence of any conditional privilege, which in fact did not exist, and with

4   a reckless and conscious disregard of Plaintiff's rights.  All actions of

5   Defendants, and each of them, their agents and employees, herein alleged

6   were known,  ratified and approved by the Defendants, and each of them.

7   Plaintiff thus is entitled to recover punitive and exemplary damages from

8   Defendants, and each of them, for these wanton, obnoxious, and despicable

9   acts  in an amount based on the wealth and ability to pay according to proof

10  at time of trial.

### FIFTH CAUSE OF ACTION
(Failure to Compensate for Hours Worked
Under California Industrial Welfare Commission Orders
and California Labor Code §§1182.11 )

56.     Plaintiff realleges and incorporates by this reference all the allegations set

forth in the preceding paragraphs.

57.     At all times relevant herein, Defendant Williams was required to

compensate its hourly employees for any hours worked upon reporting for

work at the appointed time stated by Defendant pursuant to California

Labor Code §§1182.11, which states: "Notwithstanding any other provision

of this part, on and after March 1, 1997, the minimum wage for all

industries shall not be less than five dollars ($5.00) per hour; on and after

March 1, 1998, the minimum wage for all industries shall not be less than

five dollars and seventy-five cents ($5.75) per hour."

58.     Also, Industrial Welfare Commission Orders 1-2002, California Code of

Regulations, Title 8, §§11010 was also in force and effect at the relevant time, setting the minimum wage at six dollars and seventy-five cents ($6.75) for all hours worked after January 1, 2002.

59.     Defendant Williams failed to compensate Plaintiff for hours worked and failed to allow legal breaks. Under the aforementioned wage order and regulations, Plaintiff is to recover compensation for all hours worked but not paid by Defendant including routinely missed breaks. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Defendant' conduct described herein violates Labor Code §§§§ 558, 1182.11, and 1194. Therefore, pursuant to Labor Code §§§§ 218.5, 558, and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, reasonable attorney's fees and costs of suit.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For general economic and non-economic damages according to proof;

2. For special damages according to proof;

3. For punitive damages where allowed by law;

4. For prejudgment interest;

5. For costs of suit incurred herein;

6. For attorney's fees as allowed by law, including but not limited to "private attorney

general" statutes contained in CCP 1021.5;

7. Compensation for all hours worked but not paid; and

8. For such other and further relief as this Court deems just and proper.

Dated: 8-17-06        LAW OFFICES OF R. MICHAEL HOFFMAN

/s/

By:_____
R. Michael Hoffman, Attorney for Plaintiff

1
2
3
4

SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:      smartin@sonnenschein.com

5

Attorneys for Defendant
WILLIAMS LEA INC.

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

6

7

JUL  6 2007

8

GORDON PARK-LI, Clerk
BY BERNADETTE THOMPSON

SUPERIOR COURT OF CALIFORNIA

9

COUNTY OF SAN FRANCISCO

10

11

JUDE DELGADO, an Individual

No. CGC07-463768

12

Plaintiff,

DEFENDANT WILLIAMS LEA INC.'S
ANSWER TO COMPLAINT FOR
DAMAGES

13

vs.

14
15

WILLIAMS LEA INC., a Corporation;
Charlotte Dolly, an individual; and DOES 1
through 100, inclusive,

16

Defendants.

17

18

19

Defendant Williams Lea Inc. ("Williams Lea") hereby answers plaintiff Jude Delgado's

20

unverified Complaint for Damages (the "Complaint") in the above-captioned matter, for itself

21

and for no other defendant, by admitting, denying, and alleging as follows:

22

### GENERAL DENIAL

23

Pursuant to California Code of Civil Procedure § 431.30(d), Williams Lea generally

24

denies each and every allegation contained in the Complaint and further denies that plaintiff was

25

damaged in the nature alleged, or in any other manner, or at all.

26

Further answering the Complaint, Williams Lea denies that plaintiff has sustained any

27

injury, damage or loss by reason of any conduct, action, error or omission on the part of

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-1-
DEFENDANT WILLIAMS LEA INC.'S ANSWER

Williams Lea, or any agent, employee or any other person acting under Williams Lea's authority or control.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to plaintiff's Complaint, Williams Lea alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation laws, including, but not limited to, California Labor Code § 3600, *et. seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, from bringing these claims because he was an at-will employee whose employment was terminable at will, with or without cause, within the meaning of California Labor Code § 2922.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by operation of applicable statutes of limitation including, but not limited to, California Code of Civil Procedure §§ 337(1), 338(a), 339(1), 340(1), (2) and/or (3), 343, California Government Code §§ 12960 and 12965(b), and all other applicable limitations, statutes and requirements.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he has failed to satisfy the procedural and/or jurisdictional prerequisites necessary to maintain some or all of his purported causes of action.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to avail himself of Williams Lea's policies and procedures for redress.

### EIGHTH AFFIRMATIVE DEFENSE

Williams Lea acted with proper justification and in a reasonable and appropriate manner, in good faith, for a fair, honest and lawful reason, and in compliance with legal requirements.

### NINTH ADDITIONAL DEFENSE

Any and all conduct of which plaintiff complains was required by business necessity.

### TENTH ADDITIONAL DEFENSE

The acts, conduct, or omissions of Williams Lea were privileged, appropriate, and/or justified and consistent with legal requirements.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, is barred and/or plaintiff's recovery therefore should be denied because plaintiff's alleged damages were the result of plaintiff's own conduct.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the active fault of plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Intervening, superseding and/or supervening acts proximately caused plaintiff's damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Williams Lea, under the applicable provisions of law, including, but not limited to, California Civil Code § 3294.

### FIFTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages against Williams Lea under these circumstances would be unconstitutional under provisions of both the Constitution of the United States and the

-3-

1    Constitution of the State of California, including, without limitation, as violative of the Eighth

2    Amendment proscription against excessive fines and violative of due process protection.

### SIXTEENTH ADDITIONAL DEFENSE

4    To the extent plaintiff has failed to mitigate, minimize, or avoid any damage he allegedly

5    sustained, recovery, if any, must be reduced by that amount.

### SEVENTEENTH ADDITIONAL DEFENSE

7    Plaintiff's claims for punitive damages are barred as to any causes of action for which

8    such relief is unavailable.

### EIGHTEENTH ADDITIONAL DEFENSE

10    Plaintiff's claims for attorneys' fees are barred as to any causes of action for which such

11    relief is unavailable.

### NINETEENTH ADDITIONAL DEFENSE

13    Plaintiff's claims are barred by the doctrine of waiver.

### TWENTIETH ADDITIONAL DEFENSE

15    Plaintiff's claims are barred by the doctrine of estoppel.

### TWENTY-FIRST ADDITIONAL DEFENSE

17    The Complaint, and each and every purported cause of action therein, is barred by the

18    doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

20    Plaintiff's slander cause of action is barred, in whole or in part, because any

21    statements made by Charlotte Dolly were truthful, opinions, privileged and/or non-actionable.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23    Plaintiff lacks standing to assert some of all of the causes of action in his

24    Complaint..

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

26    Williams Lea reserves its right to amend this Answer to the Complaint to assert such

27    additional defenses as may become apparent during the course of this action.

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DEFENDANT WILLIAMS LEA INC.'S ANSWER

1       WHEREFORE, Williams Lea prays for judgment on plaintiff's Complaint as follows:

2       1.     That plaintiff take nothing by his Complaint against Williams Lea and that

3 judgment be entered in favor of Williams Lea on each and every one of the causes of action;

4       2.     That Williams Lea recover its costs of suit herein;

5       3.     That Williams Lea recover reasonable attorneys' fees incurred herein pursuant to

6 statute; and

7       4.     That the Court award such additional relief as it deems just and proper

8 Dated: July 5, 2007                 SONNENSCHEIN NATH & ROSENTHAL LLP

11                     By

12                         SONIA MARTIN

13                 Attorneys for Defendant WILLIAMS LEA INC.

14 27271026

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

DEFENDANT WILLIAMS LEA INC.'S ANSWER

1

<u>PROOF OF SERVICE</u>

2  I, Cynthia Lakes, hereby declare:

3      I am employed in the City and County of San Francisco, California in the office of a

4  member of the bar of this court at whose direction the following service was made.  I am over

5  the age of eighteen years and not a party to the within action.  My business address is

6  Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California

7  94105.

8      On July 6, 2007, I caused to be served on the interested parties in this action the following

9  document(s):

10

**DEFENDANT WILLIAMS LEA INC.'S ANSWER TO
COMPLAINT FOR DAMAGES**

11

12  by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following

13  the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

14  **Michael Hoffman
   Law Offices of Michael Hoffman**

15  **22 Battery Street, Suite 1000
   San Francisco, CA  94111**

16  **Telephone:  (415) 362-1111**

17

18  ☒   U.S. MAIL: I am personally and readily familiar with the business practice of
   Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for

19  mailing with the United States Postal Service, pursuant to which mail placed for collection at
   designated stations in the ordinary course of business is deposited the same day, proper postage

20  prepaid, with the United States Postal Service.

21

22  ☐   FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile
   transmission at the above-listed fax number for the party.

23

24  ☐   HAND DELIVERY: I caused such document to be served by hand delivery.

25

26      I declare under penalty of perjury under the laws of the State of California that the

   foregoing is true and correct, and that this declaration was executed on July 6, 2007, at San

27  Francisco, California.

28

*[signature]*
Cynthia Lakes

-1-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000