LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN 154481
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel (415) 362-1111
Fax (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

JUDE DELGADO, an individual

Plaintiff,

vs.

WILLIAMS LEA, INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. C 07-3526 JSW

NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN

[ 28 U.S.C. Section 1447; FRCP 12(h)(3)]

DATE: August 31, 2007

TIME: 9:00 a.m.
PLACE: CTRM 2, 17th Floor

**NOTICE OF MOTION TO REMAND**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on August 31, 2007, at 9:00 am at the above-named court, located at Courtroom 2, 17th floor, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Jude Delgado will and hereby does move this Court for an order providing that the instant action

-i-
MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

**LAW OFFICES OF MICHAEL HOFFMAN**
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

be remanded back to State Court, that defendants pay an award of attorneys' fees and costs to plaintiff in the amount of $1400 or in an amount that the Court deems appropriate, and that the Clerk of the Court send a certified copy of the remand order to the clerk of the San Francisco Superior Court where the action was originally filed.

This Motion will be based on this Notice, the Memorandum of Points and Authorities filed herewith, the accompanying Declaration of Michael Hoffman, the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this motion.

DATED: July 22, 2007

LAW OFFICES OF MICHAEL HOFFMAN

/S/

MICHAEL HOFFMAN
Attorneys for Plaintiff
JUDE DELGADO

-ii-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## Table of Contents

I. Relief Requested, Summary of Argument ........ 1

II. Statement of Facts ........ 1

III. Procedural Posture ........ 4

IV. Legal Argument ........ 4

A. This Motion for Remand is Timely Because It Involves A Matter of the Court's Subject Matter Jurisdiction ........ 4

B. This Case Should Be Remanded to State Court Because There is Not Complete Diversity Between Plaintiff and Defendants and There is a Lack of Subject Matter Jurisdiction ........ 4

C. The Joinder of Defendant Dolly Was Not Fraudulent Because Defendant Is Not a "Sham" Defendant ........ 5

D. The Individual Defendant in This Case Is Liable to Plaintiff for Her Libel If She Published False Information Concerning the Plaintiff with Malice ........ 5

1. It Is Alleged That Dolly Acted with Malice ........ 6

2. It Is Alleged That the Statements Published by Dolly Were False ........ 9

3. The Statements Published by Dolly Concerning the Plaintiff Were Not Opinion ........ 9

E. This Court Should Award Fees to Plaintiff ........ 9

V. Conclusion ........ 10

DECLARATION OF MICHAEL HOFFMAN IN SUPPORT OF ATTORNEYS' FEES ........ 10

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

# Table of Authorities

**Cases**

Agarwal v. Johnson, 25 Cal.3d 932, 944-945 (1979) ........ 8

Biggins v. Hanson, 252 Cal. App.2d 16, 19 (1967) ........ 7

Boyich v. Howell, 221 Cal.App.2d 801, 803 (1963) ........ 9

Brewer v. Second Baptist Church, 32 Cal.2d 791, 797 (1948) ........ 8

Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993) ........ 4

Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983) ........ 6

Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) ........ 5

Cruey v. Gannett Co. 64 Cal.App.4th 356, 367 (1998) ........ 7

Farr v. Bramblett, 132 Cal. App. 2d 36, 46 (1955) ........ 8

Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 692 (1989) ........ 9

Int'l Primate Protection League v. Administrators of Tulane Ed. Fund, 500 U.S. 72, 87 (1991)... 4

Keating v. Shell Chemical Co., 610 F.2d 328, 333 (5th Cir. 1980) ........ 5

Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993) ........ 11

Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ........ 5

Tenner v. Zurek, 168 F.3d 328, 329-330 (7th Cir. 1999) ........ 11

Vandenburg v. Newsweek, Inc., 507 F.2d 1024, 1026 (5th Cir. 1975) ........ 9

Walrath v. Sprinkel, 99 Cal. App.4th 1237 (2002) ........ 7

Washer v. Bank of America, 21 Cal.2d 822, 831 (1943) ........ 8, 9

**Statutes**

28 U.S.C. § 1332 ........ 4

28 U.S.C. § 1441(b) ........ 4

28 U.S.C. § 1447(c) ........ 4, 11

California Labor Code § 1182.11 ........ 5

Civil Code § 45 ........ 1, 6, 10

Civil Code § 46(3)(5) ........ 1, 6, 10

-iv-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

FRCP 12(h)(3) .......... 4

Government Code § 12940 .......... 5

Government Code § 12940(h) .......... 7

Government Code § 12945.2 .......... 5

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-v-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

**MEMORANDUM OF POINTS AND AUTHORITIES**

## *I. Relief Requested, Summary of Argument*

Plaintiff moves this Court for an order that: (1) the instant action be remanded back to State Court, (2) Defendants pay an award of attorneys' fees and costs to Plaintiff, in the amount of $1400 or in an amount that the Court deems appropriate, and (3) the Clerk of the Court send a certified copy of the order to the clerk of the state court where the action was originally filed. Such an order is proper because diversity of citizenship does not exist between Plaintiff and all Defendants and this Court therefore lacks subject matter jurisdiction.

It is alleged in the underlying State Court Complaint ("Complaint"), that Individual Defendant Charlotte Dolly maliciously published false statements concerning the Plaintiff stating about Plaintiff, "Time Card Falsification" without proper investigation as to the circumstances. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.

These publications included the following false and defamatory statements in violation of Civil Code §§ 45 and 46(3)(5) with the meaning and/or substance that Plaintiff: violated company policies; that he was such a poor performer that he deserved written warnings and disciplinary actions against him; that he was incompetent; dishonest; untrustworthy; a troublemaker; and made false complaints. (Complaint, Paragraph 47, Ex. "A", Defendants Notice of Removal of Civil Action). This statement proximately led to the Plaintiff being fired from his position in which he held for over 16 years. On the face of the Complaint, liability can be established against Dolly and thus, the Removal was improvident. As joinder of the defendant Dolly is proper, this motion to remand back to State Court and attorneys' fees should be granted.

## *II. Statement of Facts*

On January 23, 2006, Heller Ehrman LLP ("Heller") outsourced their San Francisco Document Production Department ("DOCS Center") to Williams Lea, Defendant herein, to

-1-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

manage the DOCS Center for Heller. Plaintiff Jude Delgado was a former Heller employee, having worked for the firm for 16 years. Plaintiff Delgado's Job Title was Senior Document Specialist. His Manager for the DOCS Center department was Individual Defendant, Charlotte Dolly. (Complaint, Paragraph 5).

At 5:45 a.m., on the morning of Tuesday, March 7, 2007, Plaintiff contacted the Williams Lea DOCS Center and spoke with Shonda Furr, Graveyard Workflow Coordinator, to inform her, the Graveyard shift, and the DOCS Center staff that he and Jude Delgado were running late as a result of heavy traffic. Shonda Furr acknowledged this call and informed him that she would be conveying the information regarding their late arrival to the DOCS Center staff, which includes the DOCS Center Manager and DOCS Center Supervisor, per Williams Lea rules regarding absences and late arrivals. (Complaint, Paragraph 6).

On Tuesday, March 27, 2007, Mr. Delgado and  arrived at the DOCS Center approximately 19 minutes late, arriving at 6:19 a.m., as verified by Heller's security card access report. This was the first time they had ever arrived late for work. Jude Delgado and  informed the graveyard crew that they had arrived, and both immediately began to commence work on projects at 6:22 a.m., as verified by Heller's IT Department computer log-in record. (Complaint, Paragraph 7).

At approximately 8:00 a.m. on the same day, Ms. Chew, Mr. Delgado’s co-worker, remembered that she forgot to punch in and began to record her and Delgado's time in the problem log. The problem log is used by everyone in the DOCS Center and is used when Kronos is down; i.e., not working as a result of technical problems, or when employees arrive early or late for work and forget to "punch," or, when employees forget to "punch" out or in from their lunch break. (Complaint, Paragraph 9).

Because Mr. Delgado and Ms. Chew had identical work schedules, Ms. Chew started, but did not complete, the entry in the problem log for both of them, as she had done in the past. Plaintiff used the term "punch" because it was the terminology; i.e., the common term used when referring to the recordation of time for payroll purposes. She indicated a time-in of 6 am because

-2-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS’ FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

this was their scheduled time in. (Complaint, Paragraph 11). There was no intent or effort made by them to conceal the fact that they were late—they had already phoned in in advance, per Williams Lea rules, prior to their 6:00 a.m. official start time—and the DOCS Center staff, which included the DOCS Center Manager and the DOCS Center Supervisor, were all already informed that they were running late. (Complaint, Paragraph 12).

When a question arose regarding an entry made in the problem log, it was incumbent upon the DOCS Center Manager and/or the DOCS Center Supervisor to contact the employee who made the entry to obtain clarification on the ambiguity of what was written in the problem log, prior to making any corrections in Kronos. Upon receiving the clarification, the DOCS Center Manager or DOCS Center Supervisor processes the corrections in Kronos. Neither the DOCS Center Manager nor the DOCS Center Supervisor ever contacted Plaintiff to clarify or explain the entry made in the problem log. (Complaint, Paragraph 13).

From Wednesday, March 28 to Wednesday, April 4, their termination date for "Time Card Falsification," neither the DOCS Center Manager nor the DOCS Center Supervisor had contacted Jude Delgado or  to clarify the entry made in the problem log. Both Jude Delgado and were available to provide any clarification or answer any questions the DOCS Center Manager and/or the DOCS Center Supervisor may have had regarding the problem log entry, as was done in the past for everyone. (Complaint, Paragraph 14).

The libel of Plaintiff for "Time Card Falsification" started in April 2007, for the improper purpose of retaliating against Plaintiff. (Comp, Par. 45) These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; that he was such a poor performer that he deserved written warnings and disciplinary actions against him; that he was incompetent; dishonest; untrustworthy; a troublemaker; and made false complaints. These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and a poor employee. (Comp, Paragraph 47) These false statements made in April of 2007 caused Plaintiff to be terminated. (Comp, Paragraph 45)

-3-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## *III. Procedural Posture*

Plaintiff filed the instant action in the San Francisco County Superior Court on May 29, 2007. On July 6, 2007, Defendants served Plaintiff via US Mail a "Notice of Removal of Civil Action Under 28 U.S.C., Section 1332, 1441(b) (DIVERSITY)" ("Removal") with this Court. In its removal Defendant asserts that the individual defendants are sham defendants that have been named only for the purpose of creating diversity between Plaintiff and defendants. It is undisputed that the individual defendant Charlotte Dolly, ("Dolly") is a resident of the State of California.

## *IV. Legal Argument*

### A. This Motion for Remand is Timely Because It Involves A Matter of the Court's Subject Matter Jurisdiction

A defect in the Federal court's subject matter jurisdiction can be raised at any time, even on appeal. Int'l Primate Protection League v. Administrators of Tulane Ed. Fund, 500 U.S. 72, 87 (1991); 28 U.S.C. Section 1447(c); FRCP 12(h)(3). This motion for remand is timely therefore because it is based on a question of the court's subject matter jurisdiction.

### B. This Case Should Be Remanded to State Court Because There is Not Complete Diversity Between Plaintiff and Defendants and There is a Lack of Subject Matter Jurisdiction

A case may be heard in federal court only if there is a federal question at issue or if there is complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in the removal procedure." 28 U.S.C. Section 1447(c); see also Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).

The causes of action in the Complaint are: [1st] against Defendant Williams Lea Inc, for California Family Rights Act Failure to Guarantee Employment- (Government Code Section 12945.2); [2nd] against Defendant Williams Lee for Employment Discrimination Failure to Engage (Government Code Section 12940) ; [3rd]] against Charlotte Dolly for Libel (Government Code Section 12940); [4th] for Failure to Compensate for Hours Worked under (California Industrial Welfare Commission Orders and California Labor Code 1182.11) .

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

**C. The Joinder of Defendant Dolly Was Not Fraudulent Because Defendant Is Not a "Sham" Defendant**

Defendant makes the claim that the joinder of Defendant Dolly is "fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court...by the assertion of a sham claim against a resident defendant." (Notice of Removal of Civil Action, Paragraph 9). Defendants admit that Charlotte Dolly is a resident; the claim against Dolly is clearly not fraudulent on its face.

To establish a "sham" or "fraudulent joinder," the removing party bears the burden of proving that there was no possibility under state law that the individual defendant may be liable to the plaintiff. Keating v. Shell Chemical Co., 610 F.2d 328, 333 (5th Cir. 1980) ("sham" joinder requires showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim."). This heavy burden requires proof not only that the claim against the individual lacks merit, but also that "the failure is obvious according to the settled rules of the state." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) ("if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."). In deciding whether a joinder is a "sham," "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor...." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). Thus, the defendant's burden to prove a "sham" joinder is high, and does not permit removal if the plaintiff can articulate a conceivable theory of liability or a good faith argument for extending the law to allow recovery.

**D. The Individual Defendant in This Case Is Liable to Plaintiff for Her Libel If She Published False Information Concerning the Plaintiff with Malice**

Here, it is alleged that Defendant Dolly maliciously published a false statement concerning the Plaintiff claiming "Time Card Falsification" without proper investigation as to the circumstances. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal,

-5-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; that he was such a poor performer that he deserved written warnings and disciplinary actions against him; that he was incompetent; dishonest; untrustworthy; a troublemaker; and made false complaints. (Complaint, Paragraph 42). This statement proximately led to the Plaintiff being fired from his position in which he held for over 16 years. Therefore, liability can be established against Dolly, joinder of the defendant is proper, and removal to federal court should not be granted.

**1. <u>It Is Alleged That Dolly Acted with Malice</u>**

The complaint alleges that Defendant Dolly published a false statement concerning the Plaintiff with malice. Nevertheless, Defendant still claims that "any statement made by Ms. Dolly about plaintiff were made in the personnel management context without malice…" (Notice of Removal of Civil Action, Paragraph 11). This argument is without merit as publication occurs when a statement is communicated to any person other than the party defamed; that publication may involve internal corporate statements is recognized in <u>Biggins v. Hanson</u>, 252 Cal. App.2d 16, 19 (1967), involving an employee defamed by an immediate supervisors' publication to the personnel manager. More recently, in <u>Cruey v. Gannett Co.</u> 64 Cal.App.4th 356, 367 (1998), where the plaintiff's subordinate published accusations of "sexual harassment and other improprieties" to the "Human Resources Department." In <u>Cruey</u> the court stated:

> However, none of Lacy's authority stand for the proposition that a complaint to a private employer, even if made through the proper channels, is absolutely privileged. At best, it is conditionally privileged subject a finding of malice... Accordingly, we find Lacy's complaint to Gannett's department of human resources is conditionally privileged subject to a finding of malice.

Here, the Complaint directly on its face alleges that Dolly went outside the scope of any applicable privileges:

> Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

her to be fired, to justify his firing, and to retaliate against Plaintiff for prior ill will, rivalry and disputes in retaliation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications. (Complaint, Paragraph 51).[1]/

**a) Hatred or Ill Will Also Equates Malice**

"Malice necessary to prevent application of any conditional privilege is also alleged by pleading that the publication was motivated by hatred or ill will toward the plaintiff. " (Complaint, Paragraph 45). By these allegations, plaintiff sufficiently pled malice. (*See* id.)

The malice referred to by the statute is "actual malice or malice in fact, that is, a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person. The factual issue is whether the publication was so motivated." Agarwal v. Johnson, 25 Cal.3d 932, 944-945 (1979). "Thus the privilege is lost if the publication is motivated by hatred or ill will toward plaintiff [citations], or by any cause other than the desire to protect the interest for the protection of which the privilege is given" (quoting Brewer v. Second Baptist Church, 32 Cal.2d 791, 797 (1948)).

**b) Publication with Intent to Vex, Annoy or Injure Is Also Alleged**

The complaint alleges that each of the false defamatory per se publications were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege, since the publications were made with hatred, ill will, and an intent to vex, harrass, annoy and injure Plaintiff in order to justify the illegal and cruel actions of Defendants that caused damage to Plaintiff's professional and personal reputation, to cause to him to be fired, to justify his firing and to retaliate against Plaintiff for prior ill will, rivalry, and. (Complaint, Paragraph 51). "In the complaint it is alleged that the statements were published by defendants " . . .with the intent and design to injure, disgrace and defame this plaintiff; and further, such statements, so made by defendants, exhibited a state of mind arising from hatred or ill will for this plaintiff evidencing a willingness to vex, annoy, or injure this plaintiff, . . .These

---

[1] It is worth noting that in Walrath v. Sprinkel, 99 Cal. App.4th 1237 (2002), the California Court of Appeal confirmed that, unlike a discrimination claim, an individual supervisor goes outside the scope of the regular employment bargain, and therefore can be sued individually for retaliation under Section 12940(h) because the retaliation statute expressly authorizes an action against an individual supervisor for retaliation. Numerous federal courts have also so held.

-7-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

allegations are a sufficient pleading of actual malice to exclude the alleged libels from the privilege claimed. (Washer v. Bank of America, 21 Cal.2d 822, 831 (1943), Farr v. Bramblett, 132 Cal. App. 2d 36, 46 (1955); *Also see*, Agarwal v. Johnson 25 Cal.3d 932 (1979), 944-945.

**c) Knowledge of Falsity is Alleged**

"But pleading that defendants published the article with knowledge of its falsity does adequately allege actual malice Washer v. Bank of America, 21 Cal.2d 822, 831.

Plaintiff does alleged that defendants, at the time of publication 'knew that said statements were. . . false.' thus actual malice is alleged, the defense of qualified privilege is met, and a triable issue of fact is presented." Boyich v. Howell, 221 Cal.App.2d 801, 803 (1963). Complaint, Par 51)

**d) Reckless or Grossly Inadequate Investigation Is Also Pled**

Malice may be established by alleging facts showing a reckless investigation. "Reckless is, after all, only negligence raised to a higher power." Further "actual malice" may be inferred when the investigation was grossly inadequate under the circumstances. Vandenburg v. Newsweek, Inc., 507 F.2d 1024, 1026 (5th Cir. 1975). The failure to investigate as a result of a purposeful avoidance of the truth establishes recklessness and therefore malice. "Although failure to investigate will not alone support a finding of actual malice, [citation], the purposeful avoidance of the truth is in a different category." Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 692 (1989). "[I]naction," i.e., failure to investigate, which 'was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of [the subject] charges' will support a finding of actual malice." Id.

At the case at hand, each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses. (Complaint, Paragraph 52). These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them,

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information. (Complaint, Paragraph 52).

**2. <u>It Is Alleged That the Statements Published by Dolly Were False</u>**

Dolly published a false statement that Plaintiff presented falsified time cards. (Comp, Par 44) Defendant however nontheless claims that the cause of action of Libel against Dolly is not justified because "the statements attributed to Ms. Dolly were true, and cannot support slander as a matter of law." (Notice of Removal of Civil Action, Paragraph 14). However, the statements that Dolly published concerning the Plaintiff were alleged to be false.

> The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. "These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; that he was such a poor performer....(Complaint, paragraph 47).
>
> There was no intent or effort made by them to conceal the fact that they were late-they had already phoned in in advance, per Williams Lea rules prior to their 6:00 a.m. official start time, and the DOCS Center staff, which included the DOCS Center Manager and the DOCS Center Supervisor, were all already informed that they were running late. (Complaint, paragraph 12).

**3. <u>The Statements Published by Dolly Concerning the Plaintiff Were Not Opinion</u>**

Defendant asserts that "any statements made by Ms. Dolly about the plaintiff were matters of opinion, which cannot support slander liability as a matter of law." (Notice of Removal of Civil Action, Par 13) However, the complaint specifically states that the Defamatory statements were understood as assertions of fact, and not as opinion." (Complaint, Par 50).

**E. This Court Should Award Fees to Plaintiff**

On granting a motion for remand, the federal court may order the defendant to pay Plaintiff its "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal..." 28 U.S.C. Section 1447(c); *Also see* <u>Morris v. Bridgestone/Firestone, Inc.</u>, 985 F.2d 238, 240 (6th Cir. 1993). Because the statute unambiguously authorizes the award of attorneys'

-9-

MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL HOFFMAN
C 07-3526 JSW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

fees, no showing of bad faith on the part of the removing party is necessary to a fee award under Section 1447(c); Tenner v. Zurek, 168 F.3d 328, 329-330 (7th Cir. 1999).

### *V. Conclusion*

For the foregoing reasons Plaintiff requests that this Court order that:

1. The instant action be remanded back to state court;

2. Defendants pay an award of attorneys' fees and costs to Plaintiff in the amount of $1400 or in an amount that the Court deems appropriate,

3. The Clerk of the Court send a certified copy of the order remanding this action back to state court to the clerk of the state court where the action was originally filed; and

4. Such other and further relief as this Court deems proper.

Respectfully submitted,

DATED: July 20, 2007

LAW OFFICES OF MICHAEL HOFFMAN

/S/

MICHAEL HOFFMAN
Attorneys for Plaintiff
JUDE DELGADO

**DECLARATION OF MICHAEL HOFFMAN IN SUPPORT OF ATTORNEYS' FEES**

I, Michael Hoffman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am an attorney with the Law Offices of Michael Hoffman, attorneys of record for Plaintiff Jude Delgado. I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, could and would competently testify thereto.

2. This declaration is submitted in regard to attorneys' fees and costs expended in preparing and filing the Motion to Remand, with which this Declaration is concurrently submitted.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

3. I am informed and believe that Defendants had no reasonable basis for removing the case to federal court. I am informed and believe and it is undisputed by Defendants that Defendant Charlotte Dolly is a resident of the State of California. The reasons for the claims against Defendant Charlotte Dolly were specified within the Complaint and are cognizable under California law. Defendants transformed a demurrer, or a FRCP Rule 12 motion, into a separate, but improvident basis for removal. The proper procedure would have been for defendant to file a demurrer in San Francisco Superior Court, moving to eliminate, the individual defendants, and then, if successful, remove the case to Federal Court.

4. As a result of the instant Motion, Plaintiff Jude Delgado has incurred and will incur reasonable costs and attorneys' fees in connection with this motion and the hearing thereon. I have expended more than 4 hours because of this improvident removal, including review of the removal file, in research of applicable federal and state laws, preparation of the notice of motion, the motion, the memorandum of points and authorities and this declarations. I anticipate three more hours to prepare a reply and two hours to prepare for and attend the hearing on this motion. I have practiced business, commercial and employment litigation in San Francisco California for more than 15 years. My current hourly rate is $350, which is reasonable for like services in the community in which I practice.

5. The total attorneys' fees and costs expended, not including those anticipated, is 4 hours, for a total of $1400. (Fourteen Hundred Dollars).

I declare under penalty of perjury of the laws of the State of California and the United States of America that there foregoing is true and correct. Executed at San Francisco, California.

DATED: July 22, 2007

LAW OFFICES OF MICHAEL HOFFMAN

/S/

MICHAEL HOFFMAN
Attorneys for Plaintiff
JUDE DELGADO