SONIA MARTIN (State Bar No. 191148)
KIMBERLY DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
WILLIAMS LEA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDE DELGADO,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAMS LEA, INC., CHARLOTTE DOLLY, and DOES 1 through 100, inclusive<br><br>    Defendants. | No. C07-3526 JSW<br><br>WILLIAMS LEA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>Date: August 31, 2007<br>Time: 9:00 a.m.<br>Place: Crtm. 2, 17th Floor<br><br>Before: Hon. Jeffrey S. White |

## I.  INTRODUCTION

Plaintiff Jude Delgado's motion to remand should be denied, and Charlotte Dolly, a fraudulently joined defendant, should be dismissed from this action.

In his complaint, plaintiff admits he was late for work on March 27, 2007. He further admits that a coworker made an entry in his employer's log book stating that he arrived and started work on time. Plaintiff was subsequently terminated for "falsifying time cards." Despite admitting false information was entered on his time card, plaintiff contends that alleged statements by his former manager, Charlotte Dolly, to other management personnel regarding the reason for plaintiff's termination were libelous.

Plaintiff's libel claim fails for several reasons. Fundamentally, Ms. Dolly's statements to other management personnel were privileged under California Civil Code § 47(c). Plaintiff's vague and conclusory allegations of malice are insufficient as a matter of law to overcome the presumption of privilege afforded to communications made in the personnel context.

Additionally, most of the allegedly defamatory statements plaintiff attributes to Ms. Dolly were mere statements of opinion, which do not constitute libel as a matter of law. Furthermore, plaintiff admits false information was entered on his time card, and thus Ms. Dolly's statements were true.

In short, plaintiff has not stated a claim for relief against Ms. Dolly, nor can he. Accordingly, plaintiff's motion to remand should be denied and Ms. Dolly should be dismissed from this action.

## II. STATEMENT OF FACTS

Williams Lea provides word processing and office management assistance to law firms pursuant to vendor agreements. (Declaration of Charlotte Dolly ("Dolly Decl."), ¶ 3.) One of those firms is Heller Ehrman LLP. Williams Lea's employees work onsite at that office. Williams Lea employees work closely with Heller Ehrman staff to provide necessary support to that office. (*Id.*)

Earlier this year, plaintiff Jude Delgado was employed by Williams Lea as a Document Specialist. (Complaint, ¶ 5.) On March 27, 2007, plaintiff was scheduled to begin work at 6:00 a.m. (Complaint, ¶ 7.) That morning, he telephoned a Williams Lea employee to state he and Sandra Chew, a coworker with whom he was commuting, would be late. They subsequently arrived at work at around 6:19 a.m. (*Id.,* ¶¶ 6-7.) Plaintiff started work at 6:22 a.m. (*Id.,* ¶ 7.) Later that morning, Ms. Chew made an entry in Williams Lea's "problem log," indicating that she and plaintiff had arrived at work on time, namely at 6:00 a.m. (*Id.,* ¶ 11.) Plaintiff's employment was terminated the following week for "time card falsification." (*Id.,* ¶ 14.)

Plaintiff has sued Williams Lea on a variety of theories, including disability discrimination, violation of the California Family Rights Act and failure to compensate for hours worked. In addition to suing his former employer, however, plaintiff has also sued his former

-2-
Case No. C07-3526 JSW                                                                OPPOSITION TO MOTION TO REMAND

Williams Lea manager, Charlotte Dolly. (Complaint, ¶ 1; Dolly Decl., ¶ 4.) Plaintiff asserts a single cause of action against Ms. Dolly, for "libel." Specifically, plaintiff accuses Ms. Dolly of stating in writing that plaintiff "was 'falsifying time cards.'" (Complaint, ¶ 44.) In addition, plaintiff alleges Ms. Dolly defamed him by making "express and implied accusations" that plaintiff violated company policies, was a poor performer, deserved written warnings and disciplinary actions, was incompetent, was a troublemaker, and was dishonest. (*Id.*) Plaintiff alleges such statements were made on unknown dates and times to "other agents and employees of Defendants . and the community." (*Id.*, ¶¶ 45-46.) As explained in Ms. Dolly's declaration, however, the only people with whom she discussed plaintiff's termination were those people who needed such information to perform their job duties. (Dolly Decl., ¶¶ 6-11.)

For instance, one of Ms. Dolly's job responsibilities was to assist with investigating whether Mr. Delgado had falsified time records. (Dolly Decl, ¶ 5.) As part of that investigation, Ms. Dolly spoke with Laura Knight, Heller Ehrman's Secretarial Manager, to obtain facility records reflecting the time plaintiff actually entered the building ad logged-in to her computer on March 27, 2007. (*Id.*)[1] Ms. Dolly informed Ms. Knight that, because plaintiff was suspected of falsifying time records, Williams Lea needed to obtain the building access and computer log-in records to investigate that suspicion. (*Id.*) In one or more subsequent conversations, Ms. Dolly discussed with Ms. Knight the logistical aspects of terminating plaintiff and escorting him from the premises.[2] (*Id.*)

In addition, Ms. Dolly briefly discussed plaintiff's termination with Jean Jones, Heller Ehrman's Administrator. (Dolly Decl., ¶ 7.) Although Ms. Jones mentioned she was aware of the termination, Ms. Dolly does not recall if she advised Ms. Jones of the basis for it. (*Id.*.)

Finally, Ms. Dolly discussed plaintiff's termination with plaintiff's supervisor, Katie Garcia, Williams Lea's National Client Services Director, Scott Spranger, and an employee in Williams Lea's Human Resources Department, Joe Hebel. (Dolly Decl, ¶ 8.) Ms. Dolly has not

---

[1] As noted above, Williams Lea operates on-site at Heller Ehrman's facilities. (*Id.,* ¶ 3.)

[2] Ms. Dolly does not recall whether she also spoke to Travis White regarding the reason she needed plaintiff's computer log-in information. (*Id.*, ¶ 6.)

1   discussed the circumstances of Mr. Delgado's termination with any other employees of Williams

2   Lea or Heller Ehrman. (*Id.,* ¶ 9.)  Nor has Ms. Dolly discussed Mr. Delgado's termination or job

3   performance with anyone outside Williams Lea or Heller Ehrman. (*Id..*)

4       In short, the only statements Ms. Dolly made about Mr. Delgado were made in the

5   course of performing her job duties. (Dolly Decl, ¶ 11.)  Ms. Dolly never acted with malice,

6   animosity, hatred or ill will towards Mr. Delgado. (*Id..*)

## III. ARGUMENT

### A. The Legal Standards For Fraudulent Joinder And Removal

Under established Ninth Circuit jurisprudence, a defendant may remove a civil action that alleges claims against a resident defendant when the plaintiff has no basis for suing that defendant. *See, e.g., McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (where plaintiff could not prevail against non-diverse defendants under "settled rules of the state," such defendants were "fraudulently joined" and removal to federal court was proper); *Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991) (permitting removal and dismissing complaint as against California-resident employees who were acting within scope and course of employment). When a non-diverse defendant is "fraudulently joined," that defendant should be dismissed. *McCabe*, 811 F.2d at 1339.[3]

In determining whether a non-diverse defendant has been improperly joined, federal courts look beyond the pleadings and examine the factual record. *Id.* at 1339 (defendants entitled to present declarations showing that defendant employees residing in California were sham defendants*); Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent"). Where a fraudulent joinder is at issue, courts "look at facts outside the complaint" because defendants "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.

---

[3] The Court, *sua sponte*, may dismiss a defendant shown to be fraudulently joined. *See* Fed. R. Civ. Proc. 21 ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just.").

1  1998). Thus, "[t]he court may 'pierce the pleadings, consider the entire record, and determine the basis of the joinder by any means available." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 n.6 (E.D. Cal. 1992) (quoting *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F. 2d 549 (9th Cir. 1983)). Thus, in this case, the court must consider the concurrently filed declaration of Charlotte Dolly.

"Whether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed." *Kruso v. I.T.T.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (citations omitted) (declining to "consider the allegations contained in plaintiffs' unfiled 'Proposed First Amended Complaint' to "support their contention that they have stated valid claims against [individual agents]"). *See also Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1989) (denying motion to remand where complaint at time of removal alleged no wrongdoing by individual defendants, despite plaintiff's contention that the failure to do so was a mistake). Hence, the propriety of removal (and, by necessity, of remand) is determined by reference to the allegations plaintiff made at the time of removal, not those that have been concocted to defeat federal jurisdiction.

Plaintiff's complaint at the time of removal failed to state a claim against Ms. Dolly, as explained below. Accordingly, removal was appropriate and remand is improper.

### B. Plaintiff Cannot State A Claim For Libel Against Charlotte Dolly

Actions for libel in the employment context are looked upon with "strong judicial disfavor." *Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 964 (1993). Whether a statement is defamatory can be determined at the pleading stage as a matter of law. *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137 (1995) (whether statement defamatory can be determined on demurrer). Here, plaintiff fails to state a claim for libel against Ms. Dolly, for several reasons.

#### 1. Ms. Dolly's Statements Were Privileged

First, Ms. Dolly's statements about plaintiff were made in the personnel management context without malice and for the purpose of making informed personnel decisions. As a result, they were privileged and cannot support slander liability as a matter of law.

-5-
Case No. C07-3526 JSW                                          OPPOSITION TO MOTION TO REMAND

1  An employer has a privilege to communicate, without malice, with persons who have a "common interest" in the subject matter of the communication. Cal. Civ. Code § 47(c); *Kelly v. General Telephone Co.,* 136 Cal. App. 3d 278, 285 (1982) (statements made in personnel context are privileged under section 47); *Mitchell v. Sup. Ct. (Tolentino)*, 2007 WL 1655626, *11 (N.D. Cal. 2007). Such communications are presumptively privileged. *See Manguso v. Oceanside Unified School Dist.*, 153 Cal. App. 3d 574, 580-581 (1984) (letter by employer regarding employee's qualifications subject to privilege); *Bierbower v. FHP, Inc.*, 70 Cal. App. 4th 1, 3 (1999) (common interest privilege covers investigations by employers made without malice).

Plaintiff does not seriously dispute this point of law. Nowhere in plaintiff's complaint or his motion to remand does he assert that Ms. Dolly's statements were made outside the personnel context. On the contrary, plaintiff alleges Ms. Dolly's statements were made to "agents and employees of Defendants." (Complaint, ¶ 46.) Indeed, Ms. Dolly only communicated with other personnel of Williams Lea and Heller Ehrman on a "need to know" basis. (Dolly Decl, ¶¶ 4-11.) Moreover, Williams Lea and Heller Ehrman shared a common interest in plaintiff's employment: Williams Lea was his direct employer, and plaintiff worked in Heller Ehrman's facility and provided services to Heller Ehrman's employees. (Dolly Decl., ¶ 3.) As a result, Ms. Dolly's statements are presumptively privileged.

### 2. Plaintiff Failed To Adequately Plead Malice

The only exception to the privilege under Section 47(c) is for statements made with malice. Plaintiff's conclusory allegation that Ms. Dolly's statements were made "in a manner equaling malice," however, is insufficient to overcome the presumption of privilege as a matter of law. Cal. Civ. Code § 48 (malice not inferred from communication); *Kacludis v. GTE Sprint Comm. Corp.*, 806 F.Supp. 866, 872 (N.D. Cal. 1992) (supervisor's disparaging remarks to coworkers regarding plaintiff's qualifications were presumptively privileged; mere allegation that statements were made "with malice" was insufficient to rebut the presumption); *Deaile v. Gen. Telephone Co. of Calif.*, 40 Cal. App. 3d 841, 846 (1974) (statements to other employees regarding plaintiff's forced retirement were privileged because the information was disseminated

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

to improve employee morale, not for malicious purposes); *Martin v. Kearney,* 51 Cal. App. 3d 309, 312 (1975) (failure to plead malice fatal to claim for libel).

To overcome the presumptive privilege, actual *facts* must be pleaded demonstrating malice. *Lesperance v. North American Aviation, Inc.*, 217 Cal. App. 2d 336, 341 (1963). Simply regurgitating the elements of a cause of action is not enough to satisfy the requirement to specifically plead malice. *See, e.g., Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (fraud claim cannot survive as a matter of law unless plaintiff identifies the specific alleged misrepresentation); *Ankeny v. Lockheed Missiles & Space Co.*, 88 Cal. App. 3d 531, 537 (1979) (allegation that defendant "tortiously caused" unspecified acts is conclusory and cannot support a claim for fraud).[4]

In *Lesperance*, for example, the court sustained defendant's demurrer to defamation causes of action because plaintiff plead "*no facts* showing that malice existed..His allegations are nothing more than mere conclusions of the pleader." *Lesperance v. North American Aviation, Inc.*, 217 Cal. App. 2d 336, 342 (1963)(emphasis is original). In particular, Lesperance had alleged the defamatory statements were made "with malice toward him and with the intent and design to injure, disgrace and defame him." *Id.*, at 340.

Likewise, in *Kacludis*, Judge Conti held that conclusory allegations of malice are insufficient to overcome the presumptive privilege of Civil Code § 47(c). *Kacludis, supra,* at 872. Kacludis alleged that Sprint eliminated his position after 23 years of satisfactory or better job reviews. *Id.*, at 868. Despite numerous interviews, he was not rehired in another division of Sprint. Kacludis alleged that "someone within Sprint" told the group he was "unavailable" for other positions and that his supervisor made disparaging comments about his qualifications. *Id.*, at 872. Judge Conti held the communications about Kacludis' job qualifications were "paradigmatic of the sort of activities protected by the manager's privilege." *Id.* As a result, the plaintiff's motion to remand was denied.

---

[4] Plaintiff cites *Washer v. Bank of America*, 21 Cal. 2d 822 (1944) and *Farr v. Bramblett*, 132 Cal. App. 2d 36 (1955), for the proposition that conclusory allegations are sufficient to allege libel. Both *Washer* and *Farr* predate *Lesperance* and *Kacludis*, which hold a plaintiff must plead *facts* giving rise to malice.

-7-
Case No. C07-3526 JSW                                          OPPOSITION TO MOTION TO REMAND

1  Similarly here, plaintiff pleads no *facts* supporting his malice allegations against Ms.
2  Dolly.  Indeed, plaintiff's complaint is replete with conclusory legal arguments that would be
3  more appropriate for a brief than a complaint.  Plaintiff fails to allege any specific facts
4  suggesting Ms. Dolly's statements arose from anything other than her efforts to perform her job
5  duties as plaintiff's manager.  That plaintiff used the words "hatred" and "ill will" instead of "malice"
6  does not make her allegations any less conclusory.  *Lesperance, supra,* 217 Cal. App. 2nd at 342.
7  Because plaintiff has failed to allege specific facts which (if true) would demonstrate malice on
8  Ms. Dolly's part, he has failed to overcome the presumptive privilege afforded to Ms. Dolly's
9  statements under California law.

### 3.  Vague Statements Of Opinion Cannot Be Libelous

The majority of plaintiff's accusations[5] against Ms. Dolly involve statements of opinion, which cannot support slander liability as a matter of law.  *Conkle v. Jeong,* 73 F.3d 909, 917 (1995) (statements that plaintiff was "difficult as an employee" and "more trouble than she [was] worth" were nonactionable statements of opinion); *Jensen v. Hewlett-Packard, Inc.,* 14 Cal. App. 4th 958, 965 (1993) (an "employer's perceptions about an employee's efforts, attitude, performance, potential or worth to enterprise" cannot support slander liability even if they are "objectively wrong and cannot be supported by reference to concrete, provable facts").

Specifically, plaintiff alleges Ms. Dolly "express[ly] or implied[ly]" stated he was, "a poor performer," "incompetent," "a troublemaker," and "deserved written warnings."  These alleged statements are akin to the nonactionable statements in *Conkle*, and cannot form the basis for a libel claim.  *See Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137 (1995) ("poor performance" is clearly a statement of opinion").

---

[5] Plaintiff also alleges Ms. Dolly defamed him by stating that he falsified his time card.  Truth, however, is a complete defense to libel.  Here, plaintiff admits he was late for work, but that his time card stated he arrived on time.  (Compl., 7, 11.)  Hence, plaintiff admits the truth of the purportedly libelous statement.  Because Ms. Dolly's alleged statements were true, they cannot support slander liability as a matter of law.  *See Conkle v. Jeong*, 73 F.3d 909, 917 (9th Cir. 1995) ("Truth is a complete defense to slander, regardless of the bad faith or malicious purpose of the publisher of the material.") (citation and quotation marks omitted).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

    4.    <u>Plaintiff Fails To Allege Elements Of Libel With Required Specificity</u>

Finally, plaintiff has failed to allege the elements of libel with specificity.

"The words constituting a libel or slander must be specifically identified, if not plead verbatim." *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) (granting motion to dismiss where plaintiff plead only general allegations of defamatory statements). For instance, in *Jones*, the court granted defendant's motion to dismiss plaintiff's defamation claim because her complaint failed to adequately identify the context in which the allegedly defamatory statements were made, or to whom they were made. *Jones v. Thyssenkrupp Elevator Co.*, 2006 WL 680553 (N.D. Cal. 2006). The court held the vague allegations provided "insufficient notice of the issues to enable preparation of a defense. *Jones, supra*, at *19.

Similarly here, plaintiff vaguely alleges Ms. Dolly made "express and implied accusations" to "other agents and employees of Defendants…and the community," on unknown dates that "may have started in April 2007." Plaintiff has failed to identify when Ms. Dolly's alleged statements were made, to whom they were made, and whether the statements were "express or implied." Such vague allegations are insufficient to meet the pleading requirements for libel. *Jones v. Thyssenkrupp Elevator Co.*, 2006 WL 680553 (N.D. Cal. 2006).

**C.**    **Plaintiff's Request For Attorneys Fees Should Be Denied**

Regardless of how the Court rules on the rest of plaintiff's motion, his request for an award of costs, including attorneys' fees, under 28 U.S.C. section 1447(c) should be denied. "An award of attorney's fees is inappropriate . . . where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith." *Lathigra v. British Airways PLC*, 41 F. 3d 535, 540 (9th Cir. 1994) (quoting *Schmitt v. Ins. Co. of N. America*, 845 F.2d 1546, 1552 (9th Cir. 1988)). Here, Williams Lea's removal is both supportable and in good faith. Plaintiff's pursuit of Ms. Dolly presents a textbook case of fraudulent joinder, and Williams Lea has legitimately exercised its rights in seeking a federal forum. Plaintiff's request for costs and attorneys' fees should thus be denied.

**IV. CONCLUSION**

Plaintiff has not, and cannot, state a valid claim for relief against Charlotte Dolly. He has failed to adequately allege facts overcoming the presumptive privilege under Civil Code § 47(c). Indeed, as demonstrated by Ms. Dolly's declaration, there is absolutely no basis on which to suspect Ms. Dolly of malicious intent. Accordingly, plaintiff's motion to remand should be denied, and the claim against Ms. Dolly should be dismissed.

Dated: August 6, 2007

Respectfully submitted,
SONNENSCHEIN NATH & ROSENTHAL LLP

By  /s/ Sonia Martin
         SONIA MARTIN

Attorneys for Defendant
WILLIAMS LEA, INC.

27273965\V-1

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000