SONIA MARTIN (State Bar No. 191148)
KIMBERLY DE HOPE (State Bar No. 215217)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendant
WILLIAMS LEA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDE DELGADO,<br><br>         Plaintiff,<br><br>vs.<br><br>WILLIAMS LEA, INC., CHARLOTTE DOLLY, and DOES 1 through 100, inclusive<br><br>         Defendants. | No. C07-3526 JSW<br><br>DECLARATION OF CHARLOTTE DOLLY IN SUPPORT OF WILLIAMS LEA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>Date:  August 31, 2007<br>Time:  9:00 a.m.<br>Place:  Crtm. 2, 17th Fl.<br><br>Before: Hon. Jeffrey S. White |

I, Charlotte Dolly, declare:

1. I am over the age of 21 years and a resident of the State of California.

2. I am an Account Operations Manager for defendant Williams Lea Inc. ("Williams Lea"), and have been for approximately one year. I make this declaration in support of Williams Lea's Opposition to Plaintiff's Motion to Remand. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to them.

3. Williams Lea is a company engaged in the business of providing corporate information solutions to a variety of businesses and industries. Among its many client industries, Williams Lea provides outsourced information services to a variety of law firms.

-1-

Among its many law firm clients, Williams Lea has provided document support services to the law firm of Heller Ehrman LLP ("Heller Ehrman") in San Francisco since 2006 pursuant to a vendor contract between the two entities. In connection with Williams Lea's contract with Heller Ehrman, Williams Lea employees are located at Heller Ehrman's law offices and work closely with Heller Ehrman's staff to provide on-site services and support. Since August 7, 2006, I have been the manager assigned to oversee Williams Lea's support services for the San Francisco office of Heller Ehrman.

4. I was Jude Delgado's manager while he worked for Williams Lea. In the course of performing my job responsibilities as his manger, I discussed his employment and termination with certain other individuals at Williams Lea and Heller Ehrman. Below, I describe the substance of my statements to those individuals, to the best of my recollection.

5. On or about March 28, 2007, I learned that Mr. Delgado was suspected of falsifying his time records for March 27, 2007. I was tasked with helping to investigate that suspicion. As part of my investigation, I spoke with Laura Knight, Heller Ehrman's Secretarial Manager, to obtain records reflecting the actual times Mr. Delgado entered the building and logged into his computer on March 27, 2007. I informed Ms. Knight that Mr. Delgado was suspected of falsifying time records, and that I needed the building access and computer log in information to investigate the allegation. In one or more subsequent conversations, I discussed with Ms. Knight the logistical aspects of terminating Mr. Delgado and escorting him off the premises.

6. Travis White is the Heller Ehrman employee who was tasked with determining what time Mr. Delgado logged into his computer on March 27, 2007. I spoke with him regarding the log in time on Mr. Delgado's computer, but I do not recall whether I advised him of the reason for the investigation.

7. In addition, I briefly discussed Mr. Delgado's termination with Jean Jones, Heller Ehrman's Administrator. During that conversation, Ms. Jones mentioned she was aware of the termination. I do not recall telling Ms. Jones the reason for Mr. Delgado's termination.

8. The only other individuals with whom I spoke about Mr. Delgado's termination were Katie Garcia, Mr. Delgado's supervisor, Joe Hebel, an employee in Williams Lea's Human Resources Department and Scott Spranger, Williams Lea's National Client Services Director. We discussed the investigation leading to Mr. Delgado's termination and the procedure to follow in advising Mr. Delgado of the termination.

9. I have not discussed the circumstances of Mr. Delgado's termination with any other employees of Williams Lea or Heller Ehrman. Nor have I discussed Mr. Delgado's termination or my opinions concerning his performance as an employee with anyone outside Williams Lea or Heller Ehrman, with the exception of my counsel.

10. I have never told anyone that Mr. Delgado was a "troublemaker," nor have I stated that he was "dishonest," "lazy," or "incompetent."

11. I made the statements described in this declaration because I believed I needed to communicate regarding such personnel matters with employees of Williams Lea and Heller Ehrman in order to perform my job duties as an account operations manager employed by Williams Lea in an office servicing Heller Ehrman. I have never acted with malice toward Mr. Delgado, nor do I have any animosity towards him. I bear no hatred or ill will towards Mr. Delgado.

12. The only documents I have seen reflecting the basis for Mr. Delgado's termination were created in the course and scope of Williams Lea's and Heller Ehrman's human resources operations.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 6, 2007, at San Francisco, California.

_____
Charlotte Dolly