LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN 154481
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel    (415) 362-1111
Fax    (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JUDE DELGADO, an individual<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>WILLIAMS LEA, INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO. C 07-3526 JSW<br><br>**REPLY TO OPPOSITION REMANDING CASE TO STATE COURT AND AWARDING ATTORNEYS' FEES**<br><br>[ 28 U.S.C. Section 1447; FRCP 12(h)(3)]<br><br>DATE: August 31, 2007<br>TIME: 9:00 a.m.<br>PLACE: CTRM 2, 17th Floor |

I. Introduction ........................................................................................................................ 1

II. ARGUMENT .................................................................................................................... 1

    1. DEFENDANTS ARE NOT ENTITLED TO REMOVAL BASED ON ALLEGED 'SHAM PLEADING' ............................................................................. 1

        a) A "Tie" Goes To the Plaintiff .................................................................... 1

        b) The Factual Questions of Ms. Dolly's Motive in Uttering the Allegedly Defamatory Statement Cannot Be Decided on the Pleadings ........................... 2

        c) Ms. Dolly's Statement Is Not Privileged Under CAL. CIV. CODE § 47(c) .......... 4

III. Conclusion ....................................................................................................................... 6

IV. DECLARATION OF MICHAEL HOFFMAN IN SUPPORT OF ATTORNEYS' FEES .. 7

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## I. Introduction

The Plaintiff in this case properly stated a viable cause of action against Defendant Charlotte Dolly, a California resident and non-diverse defendant, namely, for defamation.

The defamation claim, which arises out of a statement made by Ms. Dolly to Heller Ehrman, its client, is not precluded by Cal. Civ. Code § 47(c) because that privilege's protections are available only if the contested statement was made without malice and with a belief in its veracity. As Plaintiff alleged that Ms. Dolly acted with malice, the application of the privilege is a question of fact, which cannot be disposed of at this stage of the proceedings, as discussed further below.

## II. ARGUMENT

### 1. DEFENDANTS ARE NOT ENTITLED TO REMOVAL BASED ON ALLEGED SHAM PLEADING

#### a) A "Tie" goes To the Plaintiff

In order to remove Plaintiff's case to this court, the defendants in this case have the burden of proving that the requisite jurisdiction exists to support removal. *Soo v. United Parcel Service,* 73 F.Supp.2d 1126, 1128 (1999) (citing *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Additionally, "[w]hen a case is removed to federal court there is a *strong presumption* against jurisdiction." *Id.* (emphasis added). When a defendant argues, as here, that a nondiverse defendant is a "sham," that argument cannot establish diversity jurisdiction. The defendants can succeed only if they can show that the plaintiff has failed to state any cause of action against the nondiverse defendant, and such failure is obvious according to the settled rules of the state. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). As a matter of general

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

principle, courts generally employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (CD Cal. 1998).

This presumption is expressed by a series of onerous requirements placed upon the party seeking removal as follows:

1. Defendants who assert fraudulent joinder carry the heavy burden of demonstrating that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the allegedly sham defendant." *Id. citing Good v. Prudential Ins. Co.,* 5 F.Supp.2d 804, 807 (N.C. Cal. 1998).

2. The defendants must show to "a near certainty" that the joinder was fraudulent. *Id.* (citation omitted). "This occurs if the plaintiff has no actual intention to prosecute an action against those particular resident defendants." *Id. citing Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (N.C. Cal. 1980).

3. Merely showing that an action is likely to be dismissed against the resident defendant does not demonstrate fraudulent joinder; rather, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (citations omitted). In making these determinations, the reviewing court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the plaintiff. *Soo*, 73 F.Supp.2dn at 1128 (citations omitted)

### b) The Factual Questions of Ms. Dolly's Motive in Uttering the Allegedly Defamatory Statement Cannot Be Decided on the Pleadings

The application of the manager's privilege to Ms. Dolly's actions depends on both the "motive and the subjective belief of [Dolly]." *Halvorson v. Aramark Uniform Serv.*, 65

Cal.App.4th 1383. "[W]hen the motive of the manager is at issue, the highly subjective question of intent can rarely be determined at the pleading stage." *Dominguez v. Chancellor Media Corp.*, 1999 U.S. Dist. 11014, * 11-12, *citing Los Angeles Airways,* 687 F.2d 321 at 326. Here, the question of what motivated Ms. Dolly to make a knowingly untrue statement to is certainly unsettled. s*upra*. Accordingly, the application of the manager's privilege to Ms. Dolly's actions involves a factual determination that cannot be resolved at this stage of the proceedings. *See id.* ("[U]nless the pleadings leave no question but that the managers' intent was purely to benefit the employer . . . the court must determine that the motives of the individual Defendants to benefit their employer did not predominate over other, self-interested motives."). Illustrative of this point is *Dominguez v. Chancellor Media Corp, infra*, in which the court declined to decide the individual *defendant was acting within the scope of his employment at all times. See Robertson,* 1999 U.S. Dist. LEXIS 4238, *

In the present case, Plaintiff has alleged ample facts from which one could infer that Ms. Dolly's statements were motivated, at least in part, by her ill-will toward Plaintiff. Specifically, Plaintiff asserts that …"<u>the publications were made with hatred, ill will, and an intent to vex, harrass, annoy and injure Plaintiff in order to justify the illegal and cruel actions of Defendants that caused damage to Plaintiff's professional and personal reputation, to cause to her to be fired, to justify her firing and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in retaliation for her medical condition</u>. *See Plaintiff's Ps and As in Support of Remand 7:14-24, (Emphasis added).*

As the Complaint alleges that Defendant Dolly's conduct was malicious and oppressive and done with a disregard of Plaintiff's rights, such allegations – even if not the model of specificity – clearly preclude a determination, at this stage of the proceedings,

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

that Ms. Dolly acted purely to benefit her employer by defaming Plaintiff.[1]/

For the aforementioned reasons, and given the presumption against fraudulent joinder, the "manager's privilege" cannot be said to positively defeat the claims, either as a matter of law or fact, against Ms. Dolly. Accordingly, Defendant's arguments that the manager's privilege functions to create diversity jurisdiction by conclusively establishing Ms. Dolly as a sham defendant must be rejected.

### c) Ms. Dolly's Statement Is Not Privileged Under CAL. CIV. CODE § 47(c)

Defendants also apparently argue, without merit, that there is no possibility that Plaintiff will prevail on the defamation claim, due to the operation of California Civil Code § 47(c)'s "interested person" privilege. [1]/ Cal. Civ. Code § 47(c) provides that "[a] privileged communication is one made: . . . In a communication, *without malice*, to a person interested therein, (1) by one who is also interested." (Emphasis added). As is apparent from the face of the statute, the privilege created publication was motivated by malice. *Deaile v. Gen. Tel. Co. of California*, 40 Cal. App.3d 841, 847 (1974). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated

---

[1]/ Williams Lea improperly conflates the 'manager's privilege' with the 'interested person' privilege in their opposition papers, *See Def's Ps and As in Opposition To Remand,* III.B.1.
   Relatively few federal courts have addressed the manager's privilege in the context of defamation actions. *See, Kacludis v. GTE Sprint Comm.,* 806 F.Supp. 866, 872 (N.D.Cal. 1992) *relied upon by Williams Lea.* But California courts, however, apply the statutory privilege of California Civil Code 47(c) (interested party privilege), rather than the manager's privilege, to defamation cases in the employment context. *See eg* <u>Cruey v. Gannett Co</u>. 64 Cal.App.4th 356, 367 (1998)
   Given this, it appears that the dicta cited and relied upon by Williams Lea in *Kacludis* regarding the application of the manager's privilege to defamation may represent an outlying federal application of California law, rather than the well-settled California law required for Removal. To the extent that any ambiguity exists with regard to the proper scope of this privilege, it must be resolved in favor of the Plaintiff at this pleading stage of the proceedings. *Soo*, 73 F.Supp.2d at 1128.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of plaintiff's rights." *Lundquist v. Reusser*, 7 Cal.4th 1193, 1213 (1994). The facts of such malice may either be alleged in the complaint "or be apparent from the communications themselves." *Martin v. Kearney*, 51 Cal.App.3d 309, 311 (1975).

In the present case, the privilege cannot be definitively invoked at this stage of the proceedings, because the Complaint clearly alleges the requisite malice.

Moreover, the malicious nature of Ms. Dolly's defamatory remarks is "apparent from the Communication itself." Together, these allegations clearly indicate that Ms. Dolly "lacked reasonable grounds for belief in the truth" of the publication, which, in and of itself, is sufficient to establish the requisite level of malice. *Lundquist*, 7 Cal.4th at 1213; *also see Mullins v. Brando*, 13 Cal.App.3d 409, 420 (1970) (noting that the privilege is lost if the defendant lacked reasonable grounds for believe the statement to be true); *MacLeod v. Tribune Publishing Co.*, 52 Cal.2d 536, 552 (1959) (same); *Roemer v. Retail Credit Co.*, 3 Cal.App.3d 368, 371 (1970) (knowledge of falsity destroys privilege). If Ms. Dolly was aware of the falsity of this statement, she cannot find refuge in the conditional privilege of Cal. Civ. Code 47(c). Because one can infer such awareness of falsity from the stated facts on the face of the complaint, the issue of her awareness must be determined by reference to facts and evidence, following discovery, rather than by reference to the pleadings.

For the aforementioned reasons, the factual issue of Ms. Dolly's mental state is in dispute and the application of Cal. Civ. Code 47(c)'s conditional privilege cannot be resolved at this stage of the proceedings. Accordingly, the defamation claim against Ms. Dolly remains viable

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

and functions to destroy diversity jurisdiction in this matter. For the foregoing reason, Plaintiff's causes of action against Defendant Dolly are good faith, viable causes of action that defeat federal diversity jurisdiction. Accordingly, Plaintiff requests the court remand the instant case to San Francisco County Superior Court.

### III. Conclusion

There was little or no legal or factual support for Williams Lea's Removal. Williams Lea tries to manufacture it, but even now, it fails. A reasonable attorney could not believe that the facts pled in the Complaint supported a good-faith argument that the allegations against Defendant Dolly were a sham. A reasonable attorney could not justify a Removal with 'truth' as a complete defense, when it is obvious, as the complaint states it on its face, that, according to the Plaintiff, Plaintiff committed no wrongdoing. Finally, a reasonable attorney would not file an opposition to a remand motion that treats clearly disputed facts in the pleadings as though they were undisputed, as though this was a summary judgment motion.

William Lea increased the Court's workload, and the workload of Plaintiff's counsel. William Lea should bear the cost of its decision. For the foregoing reasons Plaintiff requests that this Court order that:

1. The instant action be remanded back to state court;
2. Defendants pay an award of attorneys' fees and costs to Plaintiff in the amount of $1925 or in an amount that the Court deems appropriate,
3. The Clerk of the Court send a certified copy of the order remanding this action back to state court to the clerk of the state court where the action was originally filed; and
4. Such other and further relief as this Court deems proper.

Respectfully submitted,

DATED: August 9, 2007                LAW OFFICES OF MICHAEL HOFFMAN
                                     /S/
                                     _____
                                     MICHAEL HOFFMAN

                                     Attorneys for Plaintiff
                                     DELGADO

## IV. DECLARATION OF MICHAEL HOFFMAN IN SUPPORT OF ATTORNEYS' FEES

I, Michael Hoffman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am an attorney with the Law Offices of Michael Hoffman, attorneys of record for Plaintiff. I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, could and would competently testify thereto.

2. This declaration is submitted in regard to attorneys' fees expended in preparing and filing the Motion to Remand, with which this Declaration is concurrently submitted.

3. It took me more than one and one-half an hour to review Defendant's opposition and prepare this reply brief. I have practiced business, commercial and employment litigation in San Francisco California for more than 15 years. My current hourly rate is $350, which is reasonable for like services in the community in which I practice.

5. The total attorneys' fees and costs expended, not including those anticipated, is thus 5.5 hours, for a total of $1925 (Nineteen Hundred, and Twenty-Five Dollars).

I declare under penalty of perjury of the laws of the State of California and the United States of America that there foregoing is true and correct. Executed at San Francisco, California.

DATED: August 9, 2007                    LAW OFFICES OF MICHAEL HOFFMAN

   /S/
_____
MICHAEL HOFFMAN
Attorneys for Plaintiff
SANDRA CHEW

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111